UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PORTFOLIO RECOVERY, | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) No. 4:17-cv-1485-JAR<br>) |
| DOUGLAS D. JOHNSON, | )<br>) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

Presently before this Court is plaintiff Portfolio Recovery's motion to remand, filed pursuant to 28 U.S.C. § 1447. (Docket No. 8). The motion will be granted to the extent Portfolio Recovery seeks to remand this case to the 21st Judicial Circuit Court.

**Background**

On or about December 9, 2016, Portfolio Recovery filed a civil complaint in the 21st Judicial Circuit Court in St. Louis County, Missouri, seeking a judgment in the amount of $4,710.44 against defendant Douglas D. Johnson ("Johnson"), a Missouri resident. *See Portfolio Recovery v. Douglas D. Johnson*, case no. 16SL-AC31605 (21st Jud. Cir. Dec. 9, 2016). Briefly, the complaint alleges that Portfolio Recovery's assignor, U.S. Bank, N.A., issued a credit card to Johnson, that there is an outstanding balance on the account, and Johnson has stopped making payments.

On May 9, 2017, Johnson filed a notice of removal in this Court. Although rambling and confusing, the notice of removal apparently bases removal jurisdiction on federal question jurisdiction. Johnson avers: "[t]his civil action stems from a lawsuit filed in the 21st Judicial

1

Circuit court of ST LOUIS COUNTY MISSOURI. (Case No: 16SL-AC36105)."[1] (Docket No. 1) (emphasis in original). Johnson states that "[o]n numerous occasions they were asked to validate the debt" and that:

> Their refusal to produce shows them in violation of CFR 807. And § 808. Unfair practices in accordance TITLE 28 USC CHAPTER 176 – FEDERAL DEBT COLLECTION PROCEDURE The Federal Debt Collection Procedure places all courts under equity and Commerce and under the International Monetary Fund.

(*Id.*) (emphasis in original). Along with the notice of removal, Johnson filed a motion seeking leave to proceed *in forma pauperis* (Docket No. 3).

On June 5, 2017, Portfolio Recovery filed the instant Motion to Remand, arguing, *inter alia*, that this matter should be remanded because there is no basis for federal jurisdiction. Johnson has not responded to the motion, and the time for doing so has passed. For the reasons discussed below, the Court finds that this action is not removable to federal court. Johnson will be permitted to proceed *in forma pauperis* in these proceedings only, and this action will be remanded to the 21st Judicial Circuit Court.

## Discussion

A defendant may remove a civil action from state court to federal court only if the claims could have been filed in federal court originally. 28 U.S.C. § 1441; *Gore v. Trans World Airlines*, 210 F.3d 944, 948 (8th Cir. 2000). In removal cases, the district court reviews the complaint or petition in the underlying case to determine federal jurisdiction. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283 (1938). The district court may also look to the notice of removal to determine its jurisdiction. *Jones & Laughlin Steel Corp. v. Johns-Manville Sales*

---

[1] The correct state court case number is 16SL-AC31605, not 16SL-AC36105. On May 11, 2017, Johnson filed a supplement to the removal notice that included a copy of the docket sheet from *Portfolio Recovery v. Johnson*, case no. 16SL-AC31605 (21st Jud. Cir. Dec. 9, 2016). Johnson's notation of the case number in the removal notice is apparently a mere typographical error.

2

*Corp.*, 626 F.2d 280 (3rd Cir. 1980).

Removal based on "federal-question jurisdiction is governed by the 'well-pleaded-complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The removing defendant, as the party invoking jurisdiction, bears the burden of proving that all prerequisites to jurisdiction are satisfied. *Central Iowa Power Co-op. v. Midwest Independent Transmission System Operator, Inc.*, 561 F.3d 904, 912 (8th Cir. 2009). The district court must construe the removal statute narrowly, and resolve all doubts regarding federal jurisdiction in favor of remand. *Id.*

Here, Portfolio Recovery's complaint is based solely upon state law. It raises no federal question, and therefore can provide no basis for federal question jurisdiction. The Court has also reviewed Johnson's notice of removal, and concludes that it provides no basis for federal question jurisdiction. Johnson cites the Federal Debt Collection Procedure Act, which relates to debts and judgments owed to the United States, a situation irrelevant to this case. Johnson also appears to name federal regulations and statutes, but it is either unclear exactly what he is citing, or how it relates to his case. Finally, to the extent Johnson can be understood to claim the right to removal because he has a defense, counterclaim or declaratory judgment action based upon federal law, such claim fails. *Caterpillar Inc.*, 482 U.S. at 393 (a case may not be removed to federal court on the basis of a federal defense); (*First Nat. Bank of Pulaski v. Curry*, 301 F.3d 456, 462 (6th Cir. 2002) ("[c]ounterclaims, cross-claims, and third-party claims cannot be the basis for removal" under § 1441); *Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.*, 535 U.S. 826, 831 (2002) (a counterclaim cannot establish "arising under" jurisdiction).

Therefore, if jurisdiction exists at all, it must be predicated upon diversity of citizenship. However, the amount in controversy in Portfolio Recovery's complaint is less than the jurisdictional threshold. *See* 28 U.S.C. § 1332(a). Even if the requirements for diversity jurisdiction were met, this action would not be removable because Johnson is a citizen of the state in which the action was brought. *See* 28 U.S.C. § 1441(b) (actions where jurisdiction is predicated solely on diversity are "removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."). This action will therefore be remanded to the 21st Judicial Circuit Court in St. Louis County, Missouri.

Accordingly,

**IT IS HEREBY ORDERED** that Johnson's motion for leave to proceed *in forma pauperis* (Docket No. 3) is **GRANTED** for the purposes of these proceedings.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Remand (Docket No. 8) is **GRANTED** to the extent plaintiff requests that this matter be remanded to the 21st Judicial Circuit Court in St. Louis County, Missouri.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Remand (Docket No. 8) is **DENIED** to the extent plaintiff requests an award of fees and costs.

**IT IS FURTHER ORDERED** that this matter is **REMANDED** to the 21st Judicial Circuit Court in St. Louis County, Missouri.

Dated this 25th day of July, 2017.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE